`UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ANNE MARIE MANGANO                    JURY TRIAL DEMANDED

v.                                    CASE NO. 3:13 CV

JEAN R. RUGGIERO
DAVID M, RUGGIERO

## COMPLAINT

1.  This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 *et seq.*, the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. §42-110a *et seq.*, the Consumer Credit Reports Act ("CCRA"), Conn. Gen. Stat. §36a-695, and common law.

2.  The FCRA was enacted "to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information."

3.  This Court's jurisdiction is conferred by 15 U.S.C. §1681p and 28 U.S.C. §1331 and §1367.

4.  Plaintiff is an individual who resides in Connecticut.

5.  Jean Ruggiero is a licensed Real Estate Salesperson in Connecticut working for William Raveis Real Estate Inc.

6.  Jean Ruggiero knows or has reason to know that a credit report can be obtained only by one having a permissible purpose.

7.  David Ruggiero is a son of Jean Ruggiero

8.  David Ruggiero is or was a member of DCR Realty, LLC, a Texas corporation.

9.  David Ruggiero knows or has reason to know that a credit report can be obtained only by one having a permissible purpose.

10. On July 6, 2012, Jean Ruggiero and Anne Marie Mangano signed an agreement whereby Ms. Mangano would provide market research to Jean Ruggiero as an independent contractor.

11. Ms. Ruggiero represented that she needed Ms. Mangano's social security number for the purpose of issuing a 1099 tax form.

12. Ms. Ruggiero did not disclose to Ms. Mangano that she intended to procure, or cause to be procured, Ms. Mangano's credit report.

13. Ms. Mangano did not give Ms. Ruggiero permission to obtain her credit report.

14. On July 10, 2012, David Ruggiero requested and procured plaintiff's credit report which appeared on plaintiff's credit report under Regular Inquiries with the notation "Permissible Purpose: TENANT SCREENING."

15. Plaintiff was not in the market for real estate or tenancy of any kind.

16. Plaintiff has never done business with DCR Realty of any kind.

17. Upon plaintiff's dispute with the reseller about the permissible purpose of procuring plaintiff's credit report, David Ruggiero created an electronically signed document entitled "Consumer Credit Report Waiver / Authorization Form" whereby plaintiff purportedly authorized him to obtain a copy of her report for employment screening purposes.

18. Plaintiff had not applied for employment with DCR Realty.

19. Plaintiff did not directly or indirectly sign or electronically sign the Form.

20. Mr. Ruggiero did not disclose to Ms. Mangano that he intended to procure, or cause to be procured, Ms. Mangano's credit report.

21. Mr. Ruggiero provided the plaintiff's credit report to his mother.

22. Defendants procured and used plaintiff's credit report under false pretenses and without permissible purpose.

23. Defendants violated the FCRA by obtaining or using plaintiff's credit report.

24. As a direct and proximate result of such conduct, the plaintiff sustained actual damage including outrage, invasion of privacy, embarrassment and emotional distress.

WHEREFORE plaintiff respectfully requests this Court to:

1. Award plaintiff such damages as are permitted by law, both compensatory and punitive;

2. Award the plaintiff costs of suit and a reasonable attorney's fee;

3. Award such other and further relief as law or equity may provide.

THE PLAINTIFF

*Joanne S. Faulkner*

BY_____
JOANNE S. FAULKNER ct04137
123 Avon Street
New Haven, CT 06511-2422
(203) 772-0395
j.faulkner@snet.net